All right, we'll take our last case this morning, 21-5043, T. D. Williamson v. Federal Insurance Company. Mr. Raptus, good morning. Good morning, Your Honors. Steve Raptus, Your Honors, for appellate T. D. Williamson. If it's OK with the court, I'd like to reserve three minutes on rebuttal. At issue in this appeal is whether an insured versus insured exclusion in the D&O policy that Federal Insurance Company issued to my client, T. D. W., applies to derivative claims that are pled in a lawsuit initiated in 2016 by Richard Williamson, who was a director of T. D. W. Counsel, are the derivative claims pled? They're in a footnote. They are pled, Your Honor. They're actually pled in the footnote. Now, they're pled alternatively, but they're absolutely pled. And I would also add to that, Your Honor, that the two state courts underneath looked at those and decided that at least some of those claims were derivative in nature. I would also say that Federal has not denied in its pleadings that those are derivative claims. It's important here to note. It's either derivative or it's not. And if your client is filing suit in his own name, it's not derivative. If he's filing suit on behalf of the corporation, it might be derivative. Which is it? You can't just put a footnote in and say, well, either way. Well, I would say, Your Honor, that claims are pled both directly and derivatively regularly. You cannot have a derivative suit if the only plaintiff is your client. It's got to be on behalf of the corporation. It is on behalf of the corporation, Your Honor. And that's what Oklahoma law tells us, that when derivative claims are brought, they're brought on behalf of the corporation. The corporation is the real plaintiff. It's the real party and real plaintiff? Is that really what the language of the case is saying? I believe that is what they say, Your Honor. Under Oklahoma law, which is pretty clear. Now, you said that the defendant is not challenging the fact that these were derivative claims. Don't they have arguments that an alternative basis for affirming is on the basis that these are not derivative claims? Yes, Your Honor. But that's an argument that wasn't even raised until this point. I understand that, but they are making that. They're making that argument now, but they've never amended their plea. Let me clarify that. Is that an argument that is such a legal question, or is that a mixed question? I think it's a legal question, Your Honor, but in any event, it wasn't addressed by the lower court. It wouldn't require any fact-finding on our part? I don't think so, Your Honor. I don't think so. I think you can look at the pleadings. You can see what the underlying court did and make that determination on a legal basis. So what I did want to point out here is that this exclusion that Federal issued is a very unique exclusion. It's pretty clear. Clear in what sense, Your Honor? It's unambiguous. Well, I would disagree, Your Honor, and certainly TDW would disagree that it's unambiguous. This is an exclusion that hasn't been interpreted by a single court anywhere in the United States. This is not a typical DNO exclusion, and what's different about it is it expressly distinguishes claims brought by the corporation from claims that are brought by an insured person. That's very atypical in DNO policies, and it contains a specific security holder derivative action carve-out that's unlimited, unqualified. That is very different, too, including from the cases that Federal has cited. Why does it have to be qualified if you're reading the policy as a whole? Well, what I would say is it's Federal's obligation to draft its policy in clear terms, particularly with respect to exclusions. The law is clear that with respect to exclusions, the burden is on the insurer to draft it clearly. And what we're saying here is that you have a subsection B, and underneath subsection B, and subsection B is claims by the corporation. Under that, you have a carve-out that is unqualified for security holder derivative actions. And that's different than the cases they've cited to you, where there is a security holder derivative action carve-out, but then they go on to say they highly qualify it. They say brought and maintained independently of and without the assistance, participation, or intervention of any insured. We have a much different exclusion here. It doesn't do that. If we had that language in our exclusion, your honors, we wouldn't be here today. But that's not what they drafted. They drafted this. And from TDW's perspective, what's most problematic is that the way they structured this exclusion creates a fundamental logical contradiction that really cuts across all of their arguments. And that contradiction boils down to how they've actually structured subsection B and subsection C separately. They structured it that way, but even though they did, we know that a derivative action can't literally be brought by the corporation. Because in order to be derivative of the corporation's rights, it has to be brought by somebody else. Corporations don't exercise rights that are derivative of their own rights. But the shareholder brings the action, right? Well, the shareholder, correct. And the corporation is the beneficial plaintiff. It's not the same thing as who brings the action. Well, I think that's an interpretation issue, and we can certainly get to that. But our starting place is the structure of the exclusion itself. In other words... But doesn't the exclusion have to comport with Oklahoma law? Oh, absolutely. And we say, I mean, we certainly think that it does. Because what it tells us is that even though a shareholder derivative action is brought by, nominally is brought by a shareholder, it's the corporation that has the rights to that claim. They are the real plaintiff. And that's how subsection B, it's exactly how it's structured. Because what it does is it takes security holder, and that's important. A security holder derivative action. It makes it a subset of claims brought by the corporation. So federal acknowledged that when they drafted that. TDW relied on that when they bought the policy. So just to close the prior point that I was making, is that the structure of the exclusion in that, in the sense that you can have a derivative claim that's not literally being brought by the corporation. That's how federal structured it. And it doesn't necessarily make sense as a legal matter, but that's how they structured it. They were the sole drafter of the exclusion. And now they're telling you that they can just ignore that structure. And their primary argument here, and they have a couple of arguments that we'll get to in a minute that contradict each other. But according to their primary argument, security holder derivative actions can only be brought by the nominal plaintiff. But if that's the case, then this security holder derivative action literally never gets triggered. Why? Well, it can be brought by any shareholder who's not a covered person. But if that's the point, your honor, if it's brought by a shareholder according to their view, which shareholder derivative actions have to be, then it's not a claim brought by the corporation in their view. So what they're saying is you only look to the nominal plaintiff when you determine who it's brought by. But if we only look to the nominal plaintiff, then we never have a subsection claim, a subsection be claimed by the corporation. And that's the fundamental paradox. I missed something there. If shareholder A, who is not a covered person, can bring a claim on behalf of the corporation, no problem. If it's a covered person, it's not. Well, it is a problem. And the language couldn't be more clear. I just don't understand your point. Well, the point is, your honor, and if what they're saying, and this is what they're saying, at least with respect to their primary argument, is that security holder derivative actions are never brought by the corporation. That's their argument number one. They're saying it's only brought by the nominal plaintiff. And what I'm saying is, if that's the case, then we never get into a subsection B claim, which is claims bought by the corporation. What we're saying, your honor, is that any derivative action, in order to have that exclusion make sense, any derivative claim has to be one that's made by the corporation. Otherwise, it's never triggered. And let me go back to the distinction you made, because this is one they made, too. Well, I go back to the footnote you've got, that plaintiff assurances claim based upon the facts and conduct are direct, not derivative. But in the alternative, they're derivative. Correct. I mean, come on. I mean, we have to agree with you that this is a derivative action. If we don't agree with you that this is a derivative action, subsection C applies. That's correct, your honor. OK, so I'd like to ask some more questions about that. Of course, your honor. What is it that we should be looking to, to agree with you that this is a derivative action? We have the footnote. What else do we have? I would say several things. First of all, their admission in their answer that they've never amended, that in fact, these claims were pled as alternatively as derivative claims. They've never denied that. Is that admission more than just acknowledging the existence of the footnote? I read it as more than that. But does it make any difference? In other words, are you saying that something's ambiguous about the covered individual to not bring any kind of an action against the corporation? I'm not sure I understand the question. Derivative or not? I'm not sure I understand the question, your honor. Are you claiming that the exclusion is ambiguous? That's certainly, yes. Two exclusions. You've got one exclusion on just a covered person cannot sue the corporation, period. That's one exclusion. Then you've got another exclusion that talks about a derivative action. And how do the two interface? Well, what we're saying is because federal structure to security holder derivative action as a subset of a claim by the corporation, that the proper reading of that is that derivative claims as opposed to the direct actions, the direct claims here, that the derivative claims, the security holder derivative claims, are subsection B claims brought by the corporation. And therefore, that that carve out from the exclusion accepts those claims. And so then you just ignore the next exclusion, that a covered person cannot sue the corporation, period. No, we don't. What do we do with the in any capacity language that Judge Kelly is referring to in Section C brought by an insured person in any capacity? Yeah, let me go to that question. That's a fair one. And we say it's a non-issue because you never get to subsection C because those claims fall for the reasons we just discussed. Because they're derivative claims, they never get into subsection C. Once they're carved out as derivative claims from subsection B, you never get there. And federal... Doesn't that defy the very concept that you have to read these seriatim? I don't think so, Your Honor. And there are... It seems to me that's verified when you look at the in any capacity language. Well, what we would say is that it's important to remember that the district court fully acknowledged that security holder derivative, the carve out for security holder derivative actions preserves coverage for derivative claims generally. What it failed to recognize is that once the derivative claims are accepted from that exclusion by the carve out, there's just nothing left for subsection C to take away. And so we would say that there's nothing left. In other words, once it's accepted from the exclusion by subsection B, there's nothing left for that to take away, for the exclusion to take away. And I recognize that I'm out of time here. Are there any other questions I can answer? No, thank you. Thank you, counsel. Thank you, Your Honors. Mr. Hacker, good morning. Good morning. Thank you, Your Honors. May it please the court. I think the court's questions demonstrate a fundamental understanding of the issues. Richard Williamson's suit against his fellow TDW directors was brought by Richard Williamson. The caption of his complaint says so. The first sentence of his complaint says so. And Oklahoma law, securities law, explicitly says so. Coverage for the suit is accordingly barred by the insured versus insured exclusion or IVI exclusion. Subparagraph C of that exclusion, as Judge Kelly emphasized, unambiguously bars coverage for loss on any account of any claim, quote, brought by an insured person in any capacity, as Judge Rossman emphasized, against an insured. Richard Williamson is an insured person. Whether he was suing in his personal capacity or in his capacity as a shareholder representative of the company in a derivative action, his suit was brought by an insured person in any capacity against an insured. And it doesn't matter how you analyze the suit. Again, the caption of the complaint is captioned Richard Williamson versus Powell et al. It doesn't say anywhere, anywhere in the caption or elsewhere that he's bringing it on behalf of the company. He's bringing it in his personal capacity. But even if one characterized it based on the footnote that preserves the opportunity to pursue a derivative action in the alternative if his direct claims are rejected. That's what that footnote in the complaint is doing. That's the alternative sense. Even if one accepts that that makes it into a derivative action, well, Oklahoma law answers that question. It says, Title 12, Section 20, 23.1, that a derivative action is brought by one or more shareholders. So the subsection C exclusion applies by its own terms, and that's reinforced by subparagraph 2 of subparagraph C, which exempts derivative claims that are brought by an employee shareholder who is not an executive in his or her capacity. Again, there's that language again. What capacity is the plaintiff suing? In his capacity as a shareholder, confirming the derivative claims. Mr. Hacker, but if you have a closed corporation where all the shares are owned by members of the board of directors, you can never have coverage on a derivative suit under this policy. Is that correct? Well, not never, as long as those insured persons are also directors. It's a closed corporation, and the only people that own stock are directors. But that wouldn't necessarily maintain forever. That's all I'm saying, is that the moment the policy is written, right, it's a foreign policy written for any insured across the country who purchases the policy. When the policy is purchased, this form is purchased, it is true that each of the directors was an insured person, but the next day that could change. The next day, one of the directors could sell some of the, you know, some shares to an outsider. The next day, one of the directors could sell shares to one of his or her co-directors and become a passive shareholder and not a director. Lots of things could happen. The policy has the same meaning, no matter who the insured is. It has different applications and different facts, depending on who the insured is, but the words of the policy say the same thing. And the words of the policy... At that moment in time, when the policy is issued, and all the stock is held by directors, there could be no derivative claims covered. That's correct, which is literally the point of the IVI exclusion, right, is to exclude all forms of insider actions. In that scenario, a derivative action brought by an insured person is an insider against an insider. It presents all the exact same problems that any other insider against insider... I understand. So that's the purpose of the exclusion, is absolutely to exclude any form of suit brought by an insured person to reiterate the point in any capacity. So what is the principal argument asserted by Mr. Raptus in response? And that is that while this renders subparagraph B-3, surplusage, subparagraph B-3, he reads subparagraph B as a coverage-creating provision. And you heard the argument this morning. So as Mr. Raptus reads it, subparagraph B generally excludes actions by an organization against an insured person and then carves out, in the event that such a claim is brought as a derivative claim, it carves out from that a derivative suit. That's fine. All that's doing is saying that to the extent in some jurisdiction, in some state, an action, a derivative action, is treated as, is deemed as, is understood as brought by the organization in addition to the shareholder who actually brings it. It's certainly theoretically possible it'd be brought by both at the same time. To the extent a jurisdiction treats an action, a derivative action, as brought by an organization, it's carved out because the last thing we want to do is categorically preclude coverage for all derivative actions. It's only insider derivative actions that the federal is worried about. And so federal addresses that in subparagraph 3, excluding all actions by an insured person in any capacity. But subparagraph B, there's no conflict there because subparagraph B isn't creating coverage for all derivative actions. It's not a coverage-creating provision. Subparagraph B is an exclusion. It excludes a whole set of actions, save for those that are carved out. And subparagraph B3 explicitly says some version of for the purposes of subparagraph B. It's just carving them out. It doesn't mean that once you're within the carve-out, there's coverage. That's impossible. You have to read the whole policy. Suppose a derivative action that's carved out in 3 was brought in 1974, outside the policy period of the policy. There wouldn't be coverage for that because you have to apply the policy period provision. So too here. It's arguably at the very best accepting the argument that the derivative action is carved out by subparagraph B3. You still have to move on to subparagraph C and ask, well, is this a derivative action brought by an insured person? Because it is, both by its plain terms and as a matter of Oklahoma law, it is excluded under subparagraph C under the unambiguous terms of the policy. Mr. Hecker, what would you say to your adversary's argument that if we consult the record and your answer and various orders in the case, we would find that there is support for construing the petition in this case as a derivative action? So two things. I think the first, the most important answer is everything I've just said up till now would still apply, right? That's, as your honor's question to Mr. Raptus, if it's a derivative action, that just triggers subparagraph C. It's a derivative action brought by an insured person. So we submit you don't even have to get into all of that because very, very, very, very best case scenario for TDW is that it's a derivative action, but it's one brought by an insured person. So the case is over for that reason. But to answer the question more directly as to whether or not it is derivative action, I think Judge Kelly was onto that correctly in the questions. You can't have an action that's both a direct claim and a derivative action at the same time because they're in conflict. You can't bring your own claims as I want all the money when I win and at the same time say give all the money to the corporation when I win. Those are inherently in conflict. So it's either one or the other. I understand that as a theoretical matter, a doctrinal matter. I'm talking in terms of the record in this case. What support is there in the record in this case as your adversary contends that there is, that this is construed as a derivative action? So I just wanted to set that context because that explains what's going on in that footnote in the complaint. The footnote in the complaint is saying, if you read the footnote, it says these are pled as direct claims, not as derivative claims. That's what the footnote says. That's the principal allegation in the footnote. It just goes on to say a version of, in the event that I can't plead these as direct claims, I'm reserving the right to assert these as, in the alternative, as derivative claims. But what about the position that the opposing counsel says is that two state courts have treated them as a derivative claim? So here's the problem with that. The first order, I'm not going to get the dates right, but the first order said these were derivative claims. And remember, the plaintiff, the whole point of, the whole reason there's orders in this is the plaintiff kept saying, these are not derivative claims. I don't want these to be derivative claims. I'm not pleading them as derivative claims. And in the first order, the court said, basically, implicating that footnote, nice try, but the relief you're seeking is on behalf of the corporation, not your own. Therefore, they're derivative. That's what the first order said. And then the judge had to recuse. A new judge came in. The plaintiff said, that's a mistake. I move for reconsideration. It was reconsidered. And the second order, the judge says, the first order was wrong. That the primary relief that's being sought, the gravum of this whole case, is the personal injury suffered by Mr. Williamson, who said that his own shares were diluted. And he was asserting relief on behalf of his own shares, not on behalf of the company. Now, what Mr. Raptis points to is the second to last paragraph, I think, of the second order, which says, everything else in there is collateral. The other claims that are derivative in nature, that go to, would be relief for the company, are collateral. They're not what's going on in the gravum of the suit. And there's no statement there that says, this whole suit is. They are still there. The second order confirms, they may not be the essence, but they are still in there. Correct? There is collateral. It's not clear that there can be relief in the case. Collateral. They're off the site, but they're still in the complaint. Correct? Yes. It's ish, ish, ish. Now, to say there's not coverage, generally, is to defy the concept of duty to defend, isn't it? If there's anything that smells like a covered claim, you better defend it, right? I don't, with respect, I don't think under the terms of this policy, which defines the claim as the entire suit, there's not been, you know, a demonstration here that that principle, I'm absolutely familiar with that principle. But the way this policy works, it defines the claim is not one claim that can be covered versus not covered. But the claim is the entire suit. And the entire suit has to be in the way, subparagraph B, actually the entire exclusion, the IBI exclusion works is, if the entire claim has to be a derivative action in order for it to be outside the exclusion. And that's just not what's true here. So that's the way the exclusion works. Are you saying that the way this policy is written, that it writes out the concept of duty to defend when there's something that just smells like a covered claim? I don't think so. I think what it's saying is recognizing this point that I started with Judge Rossman, which is that a claim can really be, the policy at least, is recognizing that a suit can either be derivative or not derivative. And so if it's got, you know, derivative, collateral derivative claims, it wouldn't apply because the action has to be. Are you saying that the rules of civil procedure do not allow for pleading alternatively, and which necessarily means there could be a conflict? I'm definitely not saying that. You can always plead alternatively, except that under Oklahoma law, Oklahoma law again recognizes that suits are either derivative or they're not derivative. It's not an alternative. I'm not pleading an uncovered assault claim versus a covered negligence claim. That's your classic kind of duty to defend situation. Oklahoma law recognizes that a suit is either one or the other, and in that sense, you can't plead it alternatively. It's either going to be, I want money for me, or I want money for the company, and if you want money for the company, you have to put demand in. So you're saying that common law of Oklahoma carves out from their rules of procedure, pleading alternatively in derivative suits? I definitely would not put it that way, Your Honor. All I'm saying is that under Oklahoma, it is true, Oklahoma law, which is, remember, we're not governed, the underlying lawsuit is governed by Oklahoma law, not the federal rules of procedure. Oklahoma law clearly requires you to do one or the other. You have to plead. The rules of procedure, quite independent of derivative suits, allows you in Oklahoma under their rules to plead alternatively and conflictingly. That's true, but in order to make it a derivative suit for Oklahoma law and for purposes of the policy, you have to make a demand on the company. Otherwise, you're not seeking to act on behalf of the company. I have to say you're acting on behalf of the company. That did not happen here? It didn't happen here. And they don't say that they're acting on behalf of the company. That's the sense in which you could, in theory, of course, plead alternative claims when alternative claims are available. They're just not available as a matter of law here. That's our point. But I want to absolutely end on that point. Excuse me. You'd have to go outside of the record to establish that point, don't you? No, because the petition itself does not plead. First of all, it says I'm not pleading. Well, you have to plead that you gave notice. Yeah, to establish that you want and say something, say anything in the complaint that says this is a derivative action. I'm suing on behalf of them and not myself. But I want to be absolutely clear, despite all this and whatever uncertainty one has on this point, there's no uncertainty under the plain language of subparagraph C that categorically excludes coverage for a claim brought by an insured person in any capacity. And that doesn't conflict in any respect with subparagraph B or its carve-out. Thank you, Your Honors. Thank you, counsel. Thank you, counsel, for your arguments. The case is submitted. Counsel are excused.